# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                      CRIMINAL NO. 21-63-SDD-SDJ

LESLIE AMANDA MCHUGH

### RULING

This matter is before the Court on the Motion for Early Termination of Supervised Release[1] filed by Defendant, Leslie Amanda McHugh ("Defendant"). The United States ("the Government") has filed an Opposition[2] to this motion. The Court also consulted with the United States Probation Office in consideration of this motion. For the following reasons, the motion will be denied.

## I.    BACKGROUND

Defendant, who had a nursing license, was convicted of receiving kickbacks and bribes in connection with federal health care programs. This was not her first crime as her criminal history category was II.[3] Defendant was sentenced to serve 12 months and one day of imprisonment, followed by two years' supervised release.[4] Her supervision was transferred to the Middle District of Florida on December 8, 2023, and her supervision commenced in that district on June 6, 2024. As part of Defendant's conditions of supervision, she is not to use or possess any controlled substances without a valid

---

[1] Rec. Doc. 137.
[2] Rec. Doc. 139.
[3] Rec. Doc. 68, p. 19.
[4] Rec. Doc. 121.

prescription, she must participate in random drug screening program, a mental health treatment program, follow all mental health medication prescriptions prescribed to her through the treatment provider, and participate in and complete a Cognitive Behavioral Treatment program.[5] It was ordered that the defendant pay a special assessment fee of $100.00 and victim's restitution in the amount of $128,002.76.[6]

## II.  APPLICABLE LAW

Under 18 U.S.C. § 3583(e)(1), after considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[7] Among the factors that a court must weigh are: the nature of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and to deter criminal activity, the need to protect the public, the importance of rehabilitating the defendant, and the kinds of sentences and sentencing ranges available.[8]

## III.  ARGUMENTS

Defendant moves to have her supervised release terminated nine months early, arguing that she has abided all conditions of her release without "a single issue or mishap."[9] Upon beginning supervised release, Defendant obtained full-time employment, has complied with drug testing and court-ordered appointments, has cared for her special

---

[5] *Id.*
[6] *Id.*
[7] 18 U.S.C. § 3583(e)(1).
[8] See 18 U.S.C. § 3553(a).
[9] Rec. Doc. 137-1, p.3

needs daughter, has never missed a payment of restitution, and has attended all required mental health sessions.[10] Defendant contends that her employment now requires her to frequently travel outside the Middle District, and "it has become impractical for her to have to obtain permission for travel that frequently and/or on the short notice of time that she is given when her need to travel arises."[11] Defendant contends she has performed "perfect[ly]" on supervised release.[12] Defendant also claims that her current probation officer in Florida, Julie Samuels, "has stated to Defendant that she has no objection to the early termination of Defendant's two-year term of supervised release."[13]

The Government opposes Defendant's motion on the following grounds: 1) Defendant already received a variant sentence below the guidelines range; and 2) the nature of this crime was serious and not Defendant's first.[14]

The Court consulted with the United States Probation Office for the Middle District of Louisiana regarding this motion. Notably, the supervising probation officer in Florida advised the Middle District Probation Office that she did **not** state to the Defendant that their office had no objection to early termination of supervised release. Further, The Florida probation officer advised that, while Defendant has maintained some compliance with her conditions of release, their office is investigating all drug screens provided by Defendant, which came back as diluted. Finally, the Florida probation officer advised that Defendant has not gone above and beyond the expectations of supervised release such that early termination is appropriate.

---

[10] *Id.* at pp. 3-4.
[11] *Id.* at p. 4.
[12] *Id.* at p. 5.
[13] *Id.* at p. 3.
[14] Rec. Doc. 139, p.2

## IV. ANALYSIS

The Court has carefully considered the arguments by the Parties and the recommendation of the Probation Office and finds that Defendant's motion should be denied. Defendant does not present any extraordinary circumstances which would merit the termination of her supervised release. The Court applauds Defendant's employment and general compliance with the conditions of her supervised release; however, these facts do not support early termination because abiding by the terms of supervised release is the expectation for **all** defendants.[15]  Moreover, the Court is concerned by the investigation into alleged diluted drug screens. Accordingly, Defendant's motion will be denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release[16] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 16th day of September, 2025.

_Shelly D. Dick_
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] *See United States v. Hayes*, No. 01-311, 2013 WL 532874 (E.D. La. Sep. 20, 2013).
[16] Rec. Doc. 137.